1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH A. JOHNSON,

11             Plaintiff,                    No. CIV S-10-282 KJM P

12        vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS AND              ORDER AND
14   REHABILITATION, et al.,         FINDINGS AND RECOMMENDATIONS

15             Defendants.
     _____/

16
             Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42
17
     U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
18
     § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
19
     § 636(b)(1).
20
             Plaintiff has submitted a declaration that makes the showing required by 28
21
     U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.
22
             Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28
23
     U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently
24
     without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.
25
     § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the
26

                                             1

1  preceding month's income credited to plaintiff's prison trust account.  These payments shall be

2  collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4  § 1915(b)(2).

5  I.  <u>The Complaint</u>

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

10  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11  U.S.C. § 1915A(b)(1), (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in

13  fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-

14  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.

16  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

17  inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d

18  639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

19          In order to avoid dismissal for failure to state a claim a complaint must contain

20  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

21  of a cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).  In other

22  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

23  statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

24  claim upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.

25  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

26  draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129

2

S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

(2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that he has been seriously injured because of the defendants'

deliberate indifference to his serious medical needs following an assault;  that he is disabled as

defined by the ADA, but has been denied access to mental health services because of his race;

and that he has been denied equal protection because defendants ignored his safety concerns

even though he told defendants his life was in danger.  Docket No. 1 at 3.[1]  In his points and

authorities, there is some suggestion that he is raising a retaliation claim.  Id. at 5.  These points

and authorities, plus a separate declaration raise claims about events at Mule Creek State Prison.

In the body of the complaint, plaintiff does not repeat his ADA, retaliation or

medical needs claims, but focuses on his claim that he informed the defendants that he was in

danger from enemies at High Desert State Prison.  He also alleges that because he felt suicidal,

he was sent to CTC.  He alleges he was assaulted by another inmate, but it is not clear whether

this assault occurred on the yard or at CTC.  Docket No. 1 at 15-16.[2]  Finally, in connection

with his allegations against each defendant, plaintiff alleges that "there were other fabricated

policies, practices, actions, and ommissions [sic], that discriminates against the Plaintiff."  See,

e.g., Docket No. 1 at 11.  He does not identify what these policies or omissions are.

Prison officials may violate the Eighth Amendment if they fail to protect an

inmate from harm at the hands of other inmates.  Farmer v. Brennan, 511 U.S. 825, 833 (1994).

---

[1]  The court refers to the page numbers assigned by its ECF system.

[2]  In another document, not part of the complaint, plaintiff suggests that the assault occurred on B Facility of High Desert State Prison.  Docket No.4 at 2.  As this is a separate document, the court will not consider it in determining whether the complaint states a cause of action.

1    In addition, prison officials may violate the equal protection clause if they fail to protect an

2    inmate because of his race.  Turner v. Safley, 482 U.S. 78, 84 (1987) (prisoners are protected

3    against invidious racial discrimination).  In this case, however, it is not clear whether plaintiff is

4    making an Eighth Amendment claim, an equal protection claim, or both.  Moreover, it is not

5    clear from the complaint whether the assault occurred on B Facility or in CTC.

6            In addition, plaintiff  has mentioned retaliation claims and medical indifference

7    claims, but has failed to support them with any factual allegations, so the court cannot determine

8    whether he wishes to pursue these.  Finally, he names the Department of Corrections and

9    Rehabilitation as a defendant, yet the agency is immune from suit under the Eleventh

10   Amendment.  Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009).

11           In light of the above, the court finds the allegations in plaintiff's complaint too

12   vague and conclusory to determine whether the current action is frivolous or fails to state a claim

13   for relief.  The court has determined that the complaint does not contain a short and plain

14   statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

15   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

16   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

17   must allege with at least some degree of particularity overt acts which defendants engaged in that

18   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

19   Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

20   file an amended complaint.

21           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

22   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

23   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

24   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

25   there is some affirmative link or connection between a defendant's actions and the claimed

26   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1 | 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
2 | allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>
3 | <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4 | In addition, plaintiff is informed that the court cannot refer to a prior pleading in
5 | order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
6 | complaint be complete in itself without reference to any prior pleading.  This is because, as a
7 | general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375
8 | F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
9 | longer serves any function in the case.  Therefore, in an amended complaint, as in an original
10 | complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11 | Finally, the court refers plaintiff to <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th
12 | Cir. 1996), which relied on the standard form negligence complaint from the Appendix to the
13 | Federal Rules of Civil Procedure as a model of precise pleading:

14 | 1. Allegation of jurisdiction.

15 | 2. On June 1, 1936, in a public highway, called Boylston Street,
16 | in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

17 | 3. As a result plaintiff was thrown down and had his leg broken,
18 | and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred
19 | expenses for medical attention and hospitalization in the sum of one thousand dollars.

20 | Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

22 | <u>Id</u>.  The court urges the plaintiff to rely on this model as well as a means of making his claims
23 | understandable to the court and to any defendants.

24 | II.  <u>Claims For Injunctive Relief</u>

25 | Plaintiff has filed two requests for injunctive relief, asking that he be transferred
26 | to prevent further attempts on his life by correctional officers.

1    In <u>Devose v. Herrington</u>, 42 F.3d 470 (8th Cir. 1994), the inmate plaintiff sought

2    an injunction preventing the defendants from filing false disciplinary charges and taking other

3    actions in retaliation for the underlying lawsuit, in which plaintiff challenged his medical care.

4    The Court of Appeals observed:

5    > [A] party moving for a preliminary injunction must necessarily
     > establish a relationship between the injury claimed in the party's
6    > motion and the conduct asserted in the complaint.  It is self-evident
     > that Devose's motion for temporary relief has nothing to do with
7    > preserving the district court's decision making power. . . .
     > Although these new assertions might support additional claims
8    > against the same prison officials, they cannot provide the basis for
     > a preliminary injunction in this lawsuit.

9

10   <u>Id</u>. (citations omitted); <u>see also</u> <u>Omega World Travel v. Trans World Airways</u>, 111 F.3d 14, 16

11   (4th Cir. 1997); <u>Lebron v. Armstrong</u>, 289 F.Supp.2d 56, 61 (D. Conn. 2003).  If this showing of

12   relationship is not made, the court should not consider the factors for the issuance of preliminary

13   relief.  <u>In re Microsoft Antitrust Litigation</u>, 333 F.3d 517, 526 (4th Cir. 2003).

14   So far as the court can understand the underlying complaint, it is based on

15   authorities' failure to protect plaintiff from violence at the hands of other inmates.  The request

16   for injunctive relief is not related to this claim.

17   In accordance with the above, IT IS HEREBY ORDERED that:

18   1.  Plaintiff's request for leave to proceed in forma pauperis (docket no. 8) is

19   granted.

20   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21   The fee shall be collected and paid in accordance with this court's order to the Director of the

22   California Department of Corrections and Rehabilitation filed concurrently herewith.

23   3.  Plaintiff's complaint is dismissed.

24   4.  Plaintiff is granted thirty days from the date of service of this order to file an

25   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

26   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

       5. The Clerk of the Court is directed to assign this case to a district judge.

       IT IS HEREBY RECOMMENDED that plaintiff's requests for injunctive relief (docket nos. 6 & 7) be denied.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 6, 2010.

U.S. MAGISTRATE JUDGE

2

john0282.14